**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EVA SPERBER-PORTER; MARK D. SVEJDA, | No. CV-08-01424-PHX-GMS |
| Plaintiffs, | **ORDER** |
| vs. | |
| EDELTRAUD KELL, | |
| Defendant. | |

Pending before the Court is the Motion to Dissolve Stay of Plaintiffs Eva Sperber-Porter and Mark D. Svejda. (Dkt. # 28.)[1] The parties are familiar with the factual and procedural background of this case, and the Court will not discuss it at length. In short, the Court granted a stay of this action pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), in favor of substantially similar state court proceedings. (Dkt. # 20.) The Court denied Plaintiffs' Motion for Reconsideration because it did not address the Court's multi-factor analysis or otherwise establish error. (Dkt. # 26.)

---

[1] Plaintiffs have requested oral argument. That request is denied because the parties have thoroughly discussed the law and the evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

1  Plaintiffs now bring a Motion to Dissolve Stay, arguing that the state court action has
2  changed because of the filing of a new complaint. (Dkt. # 28.) If circumstances giving rise
3  to an abstention-based stay have sufficiently changed, the district court has discretion to
4  dissolve the stay. *See Cruz v. Melecio*, 204 F.3d 14, 25 (1st Cir. 2000). However, the Court
5  declines to do so here. In determining that the federal case should be stayed pursuant to
6  *Colorado River*, the Court determined that none of the nine factors it was required to
7  consider, *see Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 912-13 (9th Cir.
8  1993); *Nakash v. Marciano*, 882 F.2d 1411, 1415-17 (9th Cir. 1989), weighed against a stay
9  and that many of the factors, including the desirability of avoiding piecemeal litigation, the
10 substantial similarity of the cases, and the impropriety of forum-shopping, weighed in favor
11 of granting a stay. (Dkt. # 20 at 6-12.) Plaintiffs' motion to dissolve, like its motion to
12 reconsider, fails to address the Court's multifactor balancing analysis. This is inconsistent
13 with the rule that the relevant factors in a *Colorado River* analysis "are to be applied in a
14 pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical
15 checklist.'" *Am. Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253,
16 1257 (9th Cir. 1988) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460
17 U.S. 1, 16 (1983)); *see also Holder v. Holder*, 305 F.3d 854, 870-71 (9th Cir. 2002) ("The
18 factors relevant to a given case are subjected to a flexible balancing text, in which one factor
19 may be accorded substantially more weight than another depending on the circumstances of
20 the case . . . .").

21 Plaintiffs seem to rest their motion entirely on the notion that the state and federal
22 cases are not identical given the breach claim made by Defendant in the state court. (*See*
23 Dkt. # 28 at 3-4.) However, as the Court has explained, exact parallelism between the
24 actions is not required under *Colorado River*. *See Nakash*, 882 F.2d at 1416 ("We agree that
25 exact parallelism does not exist, but it is not required."). Rather, the question is merely the
26 substantial similarity of the claims, which is informed by the parties and issues presented in
27 each case. *See id.* ("[P]arallel actions are those involving the same parties and issues.")
28 (citing *RepublicBank Dallas Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987));

*Silvaco Data Sys., Inc. v. Tech. Modeling Assocs., Inc.*, 896 F. Supp. 973, 976 (N.D. Cal. 1995) (pointing out that "[t]he mere fact that the claims in state and federal court are not based on exactly the same laws does not preclude a finding of substantial similarity" and holding that "[a]lthough the state and federal actions are not identical, they include extremely similar claims that all arise out of the long-standing competitive feud between [the parties]").

Here, as explained in the Court's previous Orders, the parties are the same and the issues in the federal case (whether Plaintiffs were required to securitize the promissory note as Defendant requested, whether Defendant's rejection of the promissory note discharged Plaintiffs' obligation to pay, and whether Defendant breached the settlement agreement by demanding that Plaintiffs securitize the promissory note in a way with which Plaintiffs disagreed) are also the subject of the ongoing litigation in state court. The focus of litigation in both the state and federal actions is the nature of the settlement agreement between the parties and the effect of the parties' behavior thereon. The Ninth Circuit has held that such unity of issues establishes substantial similarity. *See Nakash*, 882 F.2d at 1416 ("After reviewing the pleadings in these cases, we conclude that the two actions are substantially similar. *All of these disputes concern how the respective parties have conducted themselves since Nakash purchased a portion of Guess*.") (emphasis added). Thus, the Court will maintain the stay until the related state court proceedings have concluded.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Dissolve Stay (Dkt. # 28) is **DENIED**.

DATED this 4th day of September, 2009.

G. Murray Snow
United States District Judge